UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED

2004 SEP 13 P 3:39

**KENNETH BRANDT**

    **Plaintiff,**

vs.                                                                                       CASE NO.: 3:04-cv-889-J-99 TEM

**CITY OF JACKSONVILLE, FLORIDA,
JOHN RUTHERFORD**, in his official capacity
as Sheriff of the Jacksonville Sheriff's Office, and
**JASON ROYAL**, in his individual capacity,

    **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Kenneth Brandt, brings this action seeking monetary damages, attorney's fees and costs against Defendants and alleges the following:

1. This is an action for damages, attorney's fees and costs for the deprivation of Plaintiff, Kenneth Brandt's, rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, as well as claims under Florida law.

### JURISDICTION AND VENUE

2. Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. §§1983 and 1988 and 28 U.S.C. §§1331 and 1343, as to the federal claims herein. The court has supplemental jurisdiction as to state law claims pursuant to 28 U.S.C. §1367.

3. Venue in this district is proper is proper pursuant to 28 U.S.C. §1391, in that the cause of action arose in this district.

## **PARTIES**

4.     Plaintiff, Kenneth Brandt, is an adult resident of Middleburg, Clay County, Florida, and is a citizen of the United States.

5.     Defendant, City of Jacksonville, Florida ("City"), is a political subdivision of the state of Florida. Defendant, City of Jacksonville, was, at all times relevant, responsible for its agents and employees of the Jacksonville Sheriff's Office. The City is charged under law with the duty of supervising, overseeing, training and establishing policy regarding the conformance of the conduct of the Jacksonville Sheriff's Office and its agents and employees with the United States Constitution. The City is further responsible for training its agents and employees to adhere to constitutional standards. The City of Jacksonville is a person for purposes of 42 U.S.C. §1983.

6.     Defendant, John Rutherford, in his official capacity as Sheriff of the City of Jacksonville, Florida, was, at all times relevant, responsible for the training, instruction, discipline, control and conduct of police officers of the Jacksonville Sheriff's Office. He is also charged with promulgating all orders, rules, instructions and regulations of the Jacksonville Sheriff's Office, including, but not limited to, those orders, rules, instructions and regulations concerning searches and seizures. At all times relevant, Defendant, John Rutherford, had the power, right and duty to control his officers to conform to the United States Constitution and to ensure that all orders, rules, instructions and regulations promulgated for the Jacksonville Sheriff's Office were consistent with the United States Constitution. At all times relevant to this complaint, Defendants City of Jacksonville and Sheriff John Rutherford, their agents and employees, acted under color of law.

7.     Defendant, Jason Royal, is a sworn member of the Jacksonville Sheriff's Office. At all times relevant to this case, Royal acted in conformance with the policy of the Jacksonville

Sheriff's Office and acted under color of state law.

## FACTUAL ALLEGATIONS

8. On September 23, 2003, Plaintiff, Kenneth Brandt, was working for James Victor Roy.

9. On the evening of September 23, 2003, Kenneth and his wife, Kimberly Brandt, were staying with Mr. Roy at the Days Inn on Lane Avenue in Jacksonville, Florida.

10. At approximately 2:30 a.m., Plaintiff heard a knock on the door to the hotel room, with someone advising that he was a maintenance person and requesting entry.

11. Plaintiff opened the door with the chain attached, securing the door to the door frame.

12. Thereafter, Plaintiff closed the door and began to reopen the door without the chain attaching the door to the frame.

13. At that point, Defendant, Jason Royal, forced the door open and released his police dog.

14. The dog bounded into the hotel room and began viciously biting and attacking Plaintiff, biting his right arm.

15. Royal then pulled the dog off of Plaintiff and thereafter, released the dog to attack Plaintiff once again, biting Plaintiff's left arm.

16. Royal pulled the dog off of Plaintiff, only to release the dog once again to attack Plaintiff, biting his groin area.

17. Finally, Royal removed the dog from Plaintiff.

18. Plaintiff was handcuffed.

19. Emergency medical technicians arrived at the scene.

20. Emergency medical technicians asked members of the Jacksonville Sheriff's Office if Plaintiff was under arrest.

21. Members of the Jacksonville Sheriff's Office responded that Plaintiff was, in fact, under arrest, as they believed him to have a warrant outstanding for a worthless check.

22. Plaintiff explained to the members of the Jacksonville Sheriff's Office that he had paid for the check and the matter had been disposed.

23. Members of the Jacksonville Sheriff's Office then placed Plaintiff in a patrol car.

24. An officer ran Plaintiff's identifying information through the computer and discovered that there was no active warrant out for Plaintiff.

25. Police then arrested Plaintiff on the charges of battery on a law enforcement officer.

26. Plaintiff was taken to Shands Hospital, where he was treated for his injuries.

27. After receiving treatment for his injuries, Plaintiff was booked into the Duval County Jail.

## COUNT I – UNREASONABLE SEARCH AND SEIZURE (KNOCK AND ANNOUNCE)

28. Paragraphs 1 through 27 above are realleged and incorporated by reference herein.

29. Defendant Royal's actions in forcing his way into the hotel room without knocking on the door and announcing his authority and purpose constitute an unreasonable search and seizure of Plaintiff under the Fourth Amendment to the United States Constitution.

30. The actions and inactions alleged above were undertaken with Royal's willful,

wanton, callous and knowing disregard of the clearly established rights of Plaintiff under the law to be free from unreasonable searches and seizures.

31. As a direct and proximate result of Royal's unlawful search and seizure, Plaintiff suffered damages, including, but not limited to, severe pain and suffering, physical injuries, permanent scarring, disfigurement, monetary loss of earnings and severe emotional and psychological distress.

WHEREFORE, Plaintiff demands judgment against Defendant, Jason Royal, individually, for:

    a) actual and compensatory damages;

    b) punitive damages;

    c) an award of attorney's fees and costs; and

    d) any other relief this Court deems just and proper.

## COUNT II – ROYAL – UNREASONABLE SEARCH AND SEIZURE (EXCESSIVE FORCE)

32. Paragraphs 1 through 27 above are realleged and incorporated by reference herein.

33. Defendant Royal's actions in seizing Plaintiff by releasing his dog to attack Plaintiff constitute an unreasonable search and seizure of Plaintiff under the Fourth Amendment to the United States Constitution.

34. The actions and inactions alleged above were undertaken with Royal's willful, wanton, callous and knowing disregard of the clearly established rights of Plaintiff under the law to be free from unreasonable searches and seizures.

35. As a direct and proximate result of Royal's unlawful search and seizure, Plaintiff suffered damages, including, but not limited to, severe pain and suffering, physical injuries, permanent scarring, disfigurement, monetary loss of earnings and severe emotional and psychological distress.

WHEREFORE, Plaintiff demands judgment against Defendant, Jason Royal, individually, for:

    a) actual and compensatory damages;

    b) punitive damages;

    c) an award of attorney's fees and costs; and

    d) any other relief this Court deems just and proper.

## COUNT III – MUNICIPAL LIABILITY

36. Paragraphs 1 through 27 above are realleged and incorporated by reference herein.

37. Defendants, their agents and employees, acting within their authority and under color of state law, instituted and followed practices, customs and policies which directly resulted in the violation of the knock and announce requirement and use of excessive force against Kenneth Brandt which was the moving force causing his injuries and is actionable under 42 U.S.C. §1983 as a violation of the Fourth and Fourteenth Amendments to the United States Constitution. The City has a widespread custom and practice of violating the knock and announce requirement and using its canines to search, locate and bite non-violent suspects. Additionally, by failing to discipline its officers for the violation of the knock and announce requirement and the use of excessive force against Plaintiff, Defendants have ratified the officers' decision and the reasons for that decision,

thus constituting a practice, custom or policy. Alternatively, the officers acting on the scene were the final policymakers for Defendants, as their decisions were not immediately or effectively reviewable.

38. As a direct and proximate result of the willful and deliberate action or inaction of the Defendants, Plaintiff has suffered damages, including, but not limited to, severe pain and suffering, physical injuries, permanent scarring, disfigurement, monetary loss of earnings and severe emotional and psychological distress.

39. The actions or inactions alleged above were undertaken or failed to be undertaken because of Defendants' willful, wanton, callous and knowing disregard of the clearly established rights of Plaintiff to be free from unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff demands judgment against Defendants, City of Jacksonville and John Rutherford, for:

    a)     actual and compensatory damages;

    b)     an award of attorney's fees and costs; and

    c)     any other relief this Court deems just and proper.

## COUNT IV – STATE LAW CLAIM – EXCESSIVE FORCE

40. Paragraphs 1 through 27 above are realleged and incorporated by reference herein.

41. Plaintiff has satisfied all conditions precedent to bringing this action as required pursuant to §768.28 Fla. Stat. (2004) and §§112.201 - 112.205, Jacksonville Ordinance Code.

42. Employees of the Jacksonville Sheriff's Office used excessive force against Plaintiff

in effectuating Plaintiff's seizure.

43. Defendants, having been given the authority to use force against Plaintiff and/or others, are liable for their officers' abuse of such authority.

44. As a direct and proximate result of the use of excessive force against Plaintiff, Plaintiff suffered severe pain and suffering, physical injuries, permanent scarring, disfigurement, monetary loss, pain and suffering, mental anguish and emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendants, City of Jacksonville and John Rutherford, for:

    a)     actual and compensatory damages;

    b)     costs; and

    c)     any other relief this Court deems just and proper.

## COUNT V – STATE LAW CLAIM – NEGLIGENCE

45. Paragraphs 1 through 25 above are realleged and incorporated by reference herein.

46. Plaintiff has satisfied all conditions precedent to bringing this action as required pursuant to §768.21, Fla. Stat. (2004) and §§112.201 - 112.205, Jacksonville Ordinance Code.

47. Defendants owed a duty to Plaintiff to use reasonable care in effectuating his seizure.

48. Defendants breached the duty owed to Plaintiff by failing to knock and announce their presence, authority and purpose, and by using excessive force against Plaintiff and failing to adequately train and supervise law enforcement personnel.

49. The negligent acts and/or omissions of Defendants were the proximate cause of Plaintiff's severe pain and suffering, physical injuries, permanent scarring, disfigurement, monetary

loss and severe emotional distress and mental anguish.

WHEREFORE, Plaintiff demands judgment for:

a)  actual and compensatory damages;

b)  costs; and

c)  any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury on all issues so triable.

DATED: 9/13/04

Respectfully submitted,

Wm. J. Sheppard, Esquire
Florida Bar No.: 109154
D. Gray Thomas, Esquire
Florida Bar No.: 956041
Matthew R. Kachergus, Esquire
Florida Bar No.: 503282
Sheppard, White and Thomas, P.A.
215 Washington Street
Jacksonville, Florida 32202
(904) 356-9661 telephone
(904) 356-9667 facsimile
Attorney for Defendant

kc.75[brandt complaint]